IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DION A. TEMPLE, | : | CIVIL ACTION NO. **3:CV-12-2615** |
| Petitioner | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| BRIAN V. COLEMAN, *et al.*, | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**I. Procedural Background.**

On December 16, 2010, Petitioner, Dion A. Temple, an inmate at SCI-Fayette, LaBelle, Pennsylvania, filed his first previous Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (*See* Civil No. 10-2553, M.D. Pa.). On January 24, 2011, we issued a Report and Recommendation and recommended that Petitioner 's habeas petition be dismissed without prejudice to re-file it after he exhausted his state court remedies. On September 1, 2011, the Court adopted our R&R. *See* 2011 WL 3876041 (M.D. Pa. Jan. 24, 2011) and 2011 WL 3876013 (M.D. Pa. Sept. 1, 2011).

On January 20, 2011, Petitioner, Dion A. Temple, an inmate at SCI-Fayette, LaBelle, Pennsylvania, filed a second previous Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, in the Western District of Pennsylvania. (*See* Civil No. 11-0404, M.D. Pa., Doc. 6). Petitioner also filed a Motion to proceed *in forma pauperis*. (Doc. 4). On January 20, 2011, the Court for the Western District of Pennsylvania granted Petitioner's *in forma pauperis* motion.

On February 8, 2011, Petitioner filed an Amended Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, in his prior case challenging his August 2007 judgment of conviction and 4 to 12 year prison sentence imposed in Lackawanna County Court of Common Pleas ("CCP"). (Civil No. 11-0404, Doc. 9).

On March 2, 2011, Petitioner's prior Writ of Habeas Corpus was transferred from the Western District of Pennsylvania to the Middle District of Pennsylvania. (*See* Civil No. 11-0404, M.D. Pa.).

On March 3, 2011, we issued a Show Cause Order and directed the Clerk of Court to forthwith serve a copy of Petitioner's Amended Petition (*See* Civil No. 11-0404, M.D. Pa., Doc. 9), together with this Order, by certified mail on the Warden at SCI-Fayette, on the Attorney General of the Commonwealth of Pennsylvania and, on the District Attorney of Lackawanna County. (Doc. 13). We also directed Respondents, within twenty (20) days of the date of this Order, to respond to Petitioner's Amended Petition for Writ of Habeas Corpus in the manner required by Rule 5, 28 U.S.C.A. foll. § 2254, and to file a Brief in support of their Response along with relevant exhibits from Petitioner's state court proceedings.

Also, on March 3, 2011, we sent Petitioner a Notice of Election in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), and advised Petitioner that he could have his habeas petition ruled on as filed, but in that event lose his ability to file a second or successive petition(s) absent certification by the Court of Appeals, or withdraw his habeas petition and file one, all-inclusive § 2254 petition within the one-year statute of limitations period prescribed by the Antiterrorism Effective Death Penalty Act of 1996. (*See* Civil

No. 11-0404, M.D. Pa., Doc. 13). On March 18, 2011, Petitioner filed his Notice of Election and chose to have the Court rule on his habeas petition as filed. (*See* Civil No. 11-0404, M.D. Pa., Doc. 17).

On March 29, 2011, we issued an Order and directed Respondents to file their response to Petitioner's Amended Habeas Petition or show cause for their failure to respond as directed by the Court's March 3, 2011 Order. (*See* Civil No. 11-0404, M.D. Pa., Doc. 20).

On March 31, 2011, Respondents filed a Motion to Dismiss Petitioner's Amended Habeas Petition pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim and a support brief. (*See* Civil No. 11-0404, M.D. Pa. Docs. 21 and 22). On April 1, 2011, Respondents filed a second Motion to Dismiss Petitioner's Amended Habeas Petition pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim, with an attached exhibit, *i.e.* a copy of Petitioner's CCP Criminal Docket Sheet. (*See* Civil No. 11-0404, M.D. Pa., Doc. 23).

On April 15, 2011, Petitioner file a 2-page Response Respondents' Motion to Dismiss his Amended Habeas Petition. (*See* Civil No. 11-0404, M.D. Pa., Doc. 27). Respondents did not file a reply brief.

On April 29, 2011, we issued a Report and Recommendation in Petitioner's Civil No. 11-0404 case and we recommended that Respondents' Motions to Dismiss (Docs. 21 and 23) be granted in part and denied in part, as discussed above. We recommend that Petitioner Temple's Amended Habeas Petition (Doc. 9) be dismissed without prejudice, to the extent it raised cognizable claims, to re-file it after he exhausted his state court remedies. We also recommend that Petitioner's claims which failed to state cognizable habeas claims, namely, Petitioner's habeas claims

3

that were based entirely on perceived errors in state law, be dismissed with prejudice. On January 6, 2012, the District Court adopted our R&R. *See* 2011 WL 6960968 (M.D. Pa. April 29, 2011) and 2012 WL 37102 (M.D. Pa. Jan. 6, 2012).

On December 21, 2012, Petitioner Temple, while still an inmate at SCI-Fayette, LaBelle, Pennsylvania, filed his third Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, in the Western District of Pennsylvania. (*See* Civil No. 12-2615, M.D. Pa., Doc. 4). Petitioner also filed a Motion to proceed *in forma pauperis*. (Doc. 3). The Court for the Western District of Pennsylvania granted Petitioner's *in forma pauperis* motion. On December 26, 2012, Court for the Western District of Pennsylvania transferred Petitioner's latest habeas petition, pursuant to 28 U.S.C. § 2254, again challenging his August 2007 judgment of conviction and 4 to 12 year prison sentence imposed in Lackawanna County Court of Common Pleas ("CCP"). (Civil No. 12-2615, Doc. 5). Petitioner's Criminal Docket in his Lackawanna County Court cases are Docket No. CP-35-CR-2381-2006 and Docket No. CP-35-CR-2388-2006.

On December 28, 2012, Petitioner's Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, in his present case again challenging his August 2007 judgment of conviction and 4 to 12 year prison sentence imposed in Lackawanna CCP was received by the District Court for the Middle District of Pennsylvania. (Civil No.12-2615, Doc. 8).

We now give preliminary consideration to Petitioner's habeas petition in his Civil No. 12-2615 case pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts,

4

28 U.S.C. foll. § 2254.[1]  We find that the Court should dismiss Petitioner Temple's latest §2254 habeas petition for failure to exhsuat his state court remedies since we find that Petitioner did not file an appeal to the PA Superior Court regarding the Lackawanna CCP's November 15, 2011 Orders denying Petitioner's PCRA Petitions.

We obtained a copy of Petitioner's Criminal Docket in his Lackawanna County Court cases, Docket No. CP-35-CR-2381-2006 and Docket No. CP-35-CR-2388-2006, at the website of http://ujsportal.pacourts.us.  We take judicial notice of these Lackawanna County Court Criminal Dockets since they are state court records.  Petitioner's Criminal Dockets, CP-35-CR-2381-2006 and Docket No. CP-35-CR-2388-2006, indicate that the Lackawanna CCP denied the Petitioner's PCRA Petitions on November 15, 2011.    Petitioner's Criminal Dockets, CP-35-CR-2381-2006 and Docket No. CP-35-CR-2388-2006, do not indicate that he filed an appeal with the PA Superior Court regarding the Lackawanna CCP's November 15, 2011 Orders denying Petitioner's PCRA Petitions.

**II. State Procedural Background.**

On May 2, 2007, Petitioner was convicted by a jury in the CCP in case number CP-35-CR-0002381-2006, of the following 8 drug-related offenses:

Manufacture, Deliver, Possession with Intent to Manufacture or Deliver;
Criminal Use of Communication Facility;
Criminal Conspiracy Engaging in the Manufacture, Delivery, Possession
 with Intent to Manufacture or Deliver;
Criminal Use of Communication Facility;

---

[1]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

5

>     Manufacture, Deliver, Possession with Intent to Manufacture or Deliver;
>     Criminal Use of Communication Facility;
>     Criminal Conspiracy Engaging in the Manufacture, Delivery, Possession
>       with Intent to Manufacture or Deliver; and
>     Criminal Use of Communication Facility.

(*See* Petitioner's CCP Docket Sheet CP-35-CR-0002381-2006).

On August 28, 2007, Petitioner was sentenced to an aggregate sentence of four to twelve years in prison. (*Id*,). Petitioner's case number CP-35-CR-0002388-2006 was nolle prossed at the time of his sentencing in his case number CP-35-CR-0002381-2006, since the charges in his 06CR2388 case were consolidated in his 06CR2381 case.

Petitioner filed a direct appeal of his judgment of sentence with the Pennsylvania Superior Court on September 27, 2007. (Petitioner's CCP Docket Sheet). On November 26, 2007, Petitioner's appeal was dismissed by the Superior Court for failure of counsel to file a brief. (*Id*.).

On February 19, 2008, Petitioner filed a PCRA Petition in the CCP. (*Id*.). An Amended PCRA Petition was filed on May 26, 2009. (*Id*.). On June 4, 2009, the CCP granted, in part, Petitioner's PCRA Petition and reinstated his appeals rights. (*Id*.).

On June 23, 2009, Petitioner filed a second Notice of Appeal with the Pennsylvania Superior Court. (*Id*.). On July 9, 2009, Petitioner filed another (duplicative) Notice of Appeal with the Pennsylvania Superior Court, and on November 12, 2009, the Superior Court dismissed the second appeal as duplicative. (*Id*.).

On December 8, 2009, the Superior Court issued a decision in which it held that Petitioner's remaining direct appeal was discontinued. (*Id*.).

Petitioner then filed, on December 17 and 18, 2009, Motions to modify his sentence *nunc pro tunc* with the CCP. (*Id*.). The CCP denied Petitioner's Motions on December 23, 2009. (*Id*.).

On March 8, 2010, Petitioner filed a second PCRA Petition[2], and a supplement to it on April 16, 2010. (*Id*., pp. 20-21). Also, Petitioner filed several other motions and documents, which are not relevant herein, with the CCP from May 2010, through October 2010. (*Id*.). On October 29, 2010, Petitioner filed a Notice of Appeal with the Pennsylvania Superior Court. (*Id*.). On January 5, 2011, the Superior Court issued an Order dismissing Petitioner's appeal for failure of appellant to comply with Pa.R.A.P. 351. (*Id*.).

Our review of Petitioner's CCP Docket Sheet reveals that the CCP denied Petitioner's second PCRA Petition on November 15, 2011. Also, we find that Petitioner's CCP Docket Sheet indicates that Petitioner did not file a Notice of Appeal with the PA Superior Court regarding the CCP's Order denying his second PCRA Petition.

Petitioner then filed the instant §2254 habeas petition on December 21, 2012. (Doc. 4).

**III. Habeas Claims.**

In his original Habeas Petition filed in Civil No. 11-0404, Petitioner raised the following claims:

Grounds: on which Petitioner asserts that petitioner is being held unlawfully.

(1) Invalid criminal complaint, CR-445-06/CR-288-06. No person has made a complaint on neither complaint CR-445-06/ or Cr-288-06.

---

[2]Since the CCP granted, in part, Petitioner's first PCRA Petition and Petitioner's appeal rights were reinstated, it appears that his second PCRA Petition was deemed as timely. Petitioner's CCP Docket sheet indicates that Petitioner's second PCRA Petition was denied by the CCP on November 15, 2011.

7

(2) Invalid affidavits of probable causes, no notary seal, no informant, no CI [confidential informant] number, no reliability, no mention of prior arrest, no anything.

(3) Invalid warrants, no name, no description of petitioner, no address, middle section not completed, 2009 warrant 1033591 CR-288-06 was obstructed by a governmental official by completing middle section of warrant and changing where it once said defendant in far bottom of left hand corner. It now states Sheriff/Constable.

(4) No police report.

(5) No arraignment in front of Theodore J. Giglio 8/03/2006.

(6) No preliminary hearing, no guilty plea, no waiver and no transcript.

(7) No pretrial, no discovery presented on record, invalid discovery, no discovery filed for record.

(8) No arraignment, no indictment or criminal information presented for the record, lack of subject matter jurisdiction, no jurisdiction of court of common pleas to hear case.

(9) Unlawful detention under court order.

(10) Invalid sentence/illegal sentence. See Exhibit D to support all claims.

(11) Invalid presentence investigation report.

(12) Illegal search and seizure.

In his Amended Habeas Petition in Civil No. 11-0404, Petitioner raised the following three claims:

Ground One - Lack of Subject Matter Jurisdiction; No person shall be held to answer for a . . . . [not legible] . . . unless on a presentment of Indictment/Criminal Information.

No preliminary hearing, no pretrial, no arraignment, no Indictment/ criminal Information presented on record.

Ground Two - Illegal restraint or confinement; lack of subject matter jurisdiction.

(1) Invalid arrest warrants, Cr-445-06 and Cr-288-06.
(2) Invalid criminal complaints, Cr-44-06 and CR-288-06.
(3) No indictment/criminal information.
(4) Invalid affidavit of probable cause.
(5) No preliminary hearing.
(6) No arraignment.
(7) Invalid discovery and invalid inmate body receipt.

Ground Three - Illegal sentence;

(1) 4 to 12 yrs was totally illegal, for the following:

The mandatory minimum sentence for possession of more than two (2) but less than ten (10) grms of cocaine is one (1) year in prison, pursuant to 18 Pa. C.S.A. § 7506(A)(3)(1).

In his present habeas petition, Civil No. 12-2615, Petitioner raises as claims: lack of subject matter jurisdiction; unlawful detainment; illegal sentence; violations os constitutional rights; invalid criminal Complaint, arrest warrants, and affidavit of probable cause; no Indictment; no criminal Information ineffective assistance of counsel; and invalid inmate body receipt.  (Doc. 4, p. 7).

**IV. Discussion.**

We find that Petitioner has not exhausted his state court remedies with respect to his instant habeas claims.   We find that since Petitioner did not file a Notice of Appeal with the Pennsylvania Superior Court after the CCP denied his PCRA Petition on November 15, 2011, he has failed to exhaust all of his state court remedies with respect to his habeas claims.

We find that Petitioner was required to have filed a Notice of Appeal with the Pennsylvania Superior Court after the CCP denied his PCRA Petition on November 15, 2011, and since he did

not, we find that Petitioner has not exhausted his state court remedies with respect to his habeas claims.

Petitioner's Criminal Docket, CP-35-CR-2381-2006, indicates that Petitioner did not file an appeal with the PA Superior Court regarding the Lackawanna CCP's November 15, 2011 Order denying Petitioner's PCRA Petition. Thus, we find that Petitioner has not exhausted his habeas claims. We also again find that some of Petitioner's claims, namely, his claims based upon state law and his claims based on alleged state court errors, do not state cognizable habeas claims.

Ordinarily, a state prisoner must exhaust his state court remedies before the federal courts consider the claims. 28 U.S.C. §2254(b); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).

In *Dunn v. Wynder*, 2006 WL 2850631, *1 (M.D. Pa.), the Court stated:

> Generally, a federal court may not entertain a petition for a writ of habeas corpus unless the petitioner has first exhausted his state court remedies. FN3 *Lee v. Stickman,* 357 F.3d 338, 341 (3d Cir.2004), citing 28 U.S.C. §§ 2254(b) and (c); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The exhaustion requirement "rests upon the principles of comity and judicial economy [and] provides state courts with an initial opportunity to consider and correct alleged violations of prisoners' rights without disruption from the federal courts." *Hankins v. Fulcomer,* 941 F.2d 246, 249 (3d Cir.1991).
>
> FN3. Exhaustion is excused if there is an absence of available State corrective process[,] or ... circumstances exist that render such process ineffective to protect the rights of the applicant. *Lines v. Larkins,* 208 F.3d 153, 163 (3d Cir.2000), quoting 28 U.S.C. § 2254(b)(1)(B)(i) and (ii). Hence, exhaustion is not required if there is inordinate delay in state procedures, *id.* at 250, or if state officials have obstructed the petitioner's attempts to obtain state remedies." *Id.* at 163, citing *Mayberry v. Petsock,* 821 F.2d 179 (3d Cir.1987).

*Lee v. Stickman*, 357 F. 3d 338, 341 (3d Cir. 2004). *See also O'Sullivan v. Boerckel*, 526 U.S. 838,

844-45 (1999); *Parker*, 429 F.3d 61-62; *Shelley v. Patrick*, 2008 WL 2234639 (W.D. Pa.).

As the Court stated in *Bentley v. Tennis*, 2010 WL 5140029, 5-6 (M.D. Pa. 12-9-10):

> "The threshold inquiry in the exhaustion analysis is whether the claims asserted in the habeas corpus petition have been "fairly presented" to the state courts. *Picard v. Conner*, 404 U.S. 270, 274 (1971). Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d. Cir. 1997).

In the instant case, the record shows that Petitioner Temple has not "fairly presented" all the issues raised in his present Habeas Petition on collateral appeal with the Superior Court.

The *Dunn* Court, 2006 WL 2850631, *1, stated:

> A habeas corpus petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *Lines v. Larkins,* 208 F.3d 153, 159 (3d Cir.2000), citing *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997). Petitioner has not exhausted his state court remedies.

Petitioner Temple has now received a decision with respect to his March 8, 2010 PCRA Petition and April 16, 2010 Supplement to his PCRA Petition, and the CCP denied it on November 15, 2011. As mentioned, we do not find that Petitioner's CCP Docket Sheet indicates that Petitioner filed an appeal with the Superior Court regarding the CCP's denial of his March 8, 2010 PCRA Petition and April 16, 2010 Supplement to his PCRA Petition. Thus, it appears that Petitioner has not fully exhausted his remedies available in the state court with respect to his collateral appeal, while at the same time, he is requesting this Court to decide issues he can raise in a state court appeal. We find that Petitioner should be required to exhaust his claims challenging his Lackawanna County drug- related convictions in the Pennsylvania State Courts. In fact, in his

11

Amended Habeas Petition filed in his Civil No. 11-0404 case, Petitioner stated that in his PCRA Petition, which was then pending in the CCP with respect to his judgment of conviction he was challenging, he raised lack of subject matter jurisdiction, ineffective assistance of counsel, invalid criminal complaints, invalid warrants, and invalid indictments. (Civil No. 11-0404, Doc. 9, p. 12). These are the same claims Petitioner raises in his instant habeas petition, Civil No. 12-2615. We again find that exhaustion has not been completed in this case. We find that Petitioner should exhaust his available state court remedies with respect to his claims challenging his Lackawanna County conviction and sentence.

We find that the present habeas petition should be dismissed without prejudice to re-file it after Petitioner completes exhaustion of his collateral appeal regarding his challenge to his state court conviction and sentence. We find that the state appellate courts should first be given the opportunity to resolve the Petitioner's PCRA Petition regarding his drug-related convictions and sentence. We also find that the instant habeas petition should be dismissed without prejudice, pending exhaustion of Petitioner's collateral appeal with the Pennsylvania Courts of Appeals.

Moreover, as we pointed out in Petitioner 's Civil No. 11-0404 case, Petitioner's above stated habeas claims in his present case, in part, once again do not even state cognizable habeas claims, such as the lack of subject matter jurisdiction over him by the CCP due to the alleged invalid arrest warrants, invalid criminal complaints, invalid affidavit of probable cause, lack of a preliminary hearing, lack arraignment, and lack of Indictment/Information.[3] *See Lewis v. Wilson*, 748 F.Supp.

---

[3]Petitioner's CCP Docket Sheet reveals that on October 25, 2006, an Information was filed by the Commonwealth against Petitioner and that on April 23, 2007, an Amended Information was filed.

12

2d 409, 416 (E.D. Pa. 2010)("claims based upon state law are not cognizable" in a §2254 habeas petition)(citation omitted). Further, claims based on alleged state court errors are not appropriate grounds for granting habeas relief. *Id*. *See also Peppers v. Warden, FCI-Gilmer*, 2009 WL 6093441, *7 (E.D. Pa. 6-2-09)(federal habeas review "is limited to determining whether a conviction violated federal law."). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id*. (citation omitted). "Thus, unless a deprivation of rights under state law arises to a federal due process violation, it is not cognizable on federal habeas review." *Id*.

As mentioned, in Petitioner's Civil No. 11-0404 case, we recommend that Petitioner's claims which failed to state cognizable habeas claims, namely, Petitioner's habeas claims that were based entirely on perceived errors in state law, be dismissed with prejudice. On January 6, 2012, the District Court adopted our R&R. *See* 2011 WL 6960968 (M.D. Pa. April 29, 2011) and 2012 WL 37102 (M.D. Pa. Jan. 6, 2012).

In *Myers*, the Court stated:

> A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a state prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 498-499, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions ." *Estelle v. McGuire,* 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle,* 502 U.S. at 67-8; *see also Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984); *Johnson v. Rosemeyer,* 117 F.3d 104 (3d Cir.1997).

2010 WL 1838178, *3.

13

The *Myers* Court also stated:

> Title 28 U.S.C. § 2254 provides that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court's habeas power is " 'limited ... to a determination of whether there has been an improper detention by virtue of the state court judgment.' " *Hassine v. Zimmerman,* 160 F.3d 941, 954 (3d Cir.1998) (quoting *Henderson v. Frank,* 155 F.3d 159, 168 (3d Cir.1998)). "Thus, the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction ... . *Id*.

2010 WL 1838178, *7.

In *Mitchell v. Pitkins*, 2010 WL 1837833, *2 (E.D. Pa. 4-14-10), the Court stated:

> The habeas statute provides that a federal court cannot entertain a habeas petition on any grounds other than that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, the United States Supreme Court has held that federal courts cannot grant habeas relief based on violations of state law. *Estelle v. McGuire,* 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Rather, in evaluating the alleged grounds for relief in a habeas corpus petition, the court is limited to federal bases for relief. *Id.* at 68. Moreover, the Third Circuit has indicated that alleged violations of a state constitution are not cognizable in a federal habeas petition. *Reinert v. Larkins,* 379 F.3d 76, 94 n. 4 (3d Cir.2004).

Additionally, to the extent Petitioner again claims that his state court sentence was illegal, he has failed to state a cognizable habeas claim. In *Baenig v. Patrick*, 2009 WL 2407819, *4 (M.D. Pa. 8-3-09), the Court stated:

> Petitioner's contention that the sentencing court "abused its discretion" by imposing a total term of imprisonment of 225 years is a claim that does not implicate the laws or the Constitution of the United States. Rather, petitioner simply alleges that the sentencing court was unreasonable in its application of state law. Allegations that a state tribunal abused its discretion under state law, however, do not subsume a federal constitutional question. In fact, habeas challenges to a state court's

> sentencing discretion are unreviewable by a federal court provided that the sentence lies within the statutory guidelines, it is not based upon arbitrary considerations, and the defendant's constitutional rights were not violated. *See Estelle,* 502 U.S. at 67-68 (explaining that federal habeas courts are not permitted to review questions of state law); *Lewis v. Jeffers,* 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990) (same); *Wainwright v. Sykes,* 433 U.S. 72, 81, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (indicating that questions of state substantive law are not cognizable on federal habeas review); *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948) (stating that when a state "sentence [is] within the limits set by the statute, its severity would not be grounds for [habeas] relief"); *see also Jones v. Superintendent of Rahway State Prison,* 725 F.2d 40, 42-43 (3d Cir.1984court's sentencing discretion was not cognizable in federal habeas petition); *Smith v. Kerestes,* Civ. A. No. 08-0061, 2009 WL 1676136, at *16 (E.D.Pa. June 15, 2009) (rejecting petitioner's claim that his state sentence was excessive because "absent a Constitutional violation, a federal court has no power to review a sentence in a habeas corpus proceeding unless it exceeds statutory limits"). Petitioner objected to the length of his sentence on direct appeal, and the superior court held that petitioner's sentence fell squarely within the applicable state sentencing guidelines and that computation of the sentence was based upon facts specific to the offenses for which he was convicted.FN2 Accordingly, this sentence was applied within the broad limits established by the Constitution, and petitioner's objections to the sentence length fail to raise a cognizable claim for federal habeas relief.

(Footnote omitted).

Thus, we again find that Petitioner Temple's present habeas claims insofar as they are "based entirely on perceived errors in state law must dismissed with prejudice." *Id*. (citations omitted).

Additionally, the habeas claims Petitioner raises based on the Fourth Amendment may be precluded by *Stone v. Powell*, 428 U.S. 465 (1976). Petitioner's claims in his habeas petition, to the extent they again seek relief under the Fourth Amendment, may be barred based on *Stone v. Powell*, 428 U.S. 465 (1976).[4] The United States Supreme Court held in *Stone*, "[w]here the State

---

[4]Petitioner's CCP Docket Sheet indicates that Petitioner filed an Omnibus Pre-Trial Motion on February 5, 2007, that the Commonwealth filed its opposition brief on February 22, 2007, and that the Court held a hearing on April 18, 2007. Since Petitioner then had a jury trial

has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id*. at 494. *See also McCullough v. Coleman*, 2009 WL 530354 (M.D. Pa.); *Carl v. Good*, 2007 WL 4198417, *5 (M.D. Pa.); *Simmons v. Barone*, 2010 WL 2766722 (M.D. Pa.). As the *Carl* Court pointed out, "[e]ven otherwise potentially meritorious Fourth Amendment claims are barred on habeas [review] when Petitioner had a full and fair opportunity to litigate them." *Carl*, 2007 WL 4198417, *5 (citing *Deputy v. Taylor*, 19 F. 3d 1485, 1491 (3d Cir. 1994).

As noted, if Petitioner raised his present Fourth Amendment claims in the CCP and they were subject to a hearing by the CCP's regarding his Omnibus Pre-Trial Motion, he is barred by *Stone* from raising them in a habeas petition.

---

in which he was found guilty on May 2, 2007, it does not appear that his pre-trial motion was granted. Thus, if Petitioner had a full and fair opportunity to litigate his instant Fourth Amendment habeas claims in the CCP, he is barred by *Stone* from raising them in a habeas petition.

**V. Recommendation.**

Based on the foregoing, we respectfully recommend that Petitioner Temple's Habeas Petition **(Doc. 4)** be dismissed without prejudice, to the extent it raises cognizable claims, to re-file it after he exhausts his state court remedies. We also recommend, as discussed above, that Petitioner's instant claims which fail to state cognizable habeas claims, namely, Petitioner's habeas claims that are based entirely on perceived errors in state law**,** be again dismissed with prejudice.

                                                     **s/ Thomas M. Blewitt**
                                                   **THOMAS M. BLEWITT**
                                                   **United States Magistrate Judge**

**Dated: January 4, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DION A. TEMPLE, | : | CIVIL ACTION NO. **3:CV-12-2615** |
| | : | |
| Petitioner | : | (Judge Nealon) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| BRIAN V. COLEMAN, *et al.*, | : | |
| | : | |
| Respondents | : | |

**NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 4, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.

       Failure to file timely objections may constitute a waiver of any appellate rights.


                                          s/ Thomas M. Blewitt
                                 **THOMAS M. BLEWITT**
                                 **United States Magistrate Judge**

**Dated:  January 4,  2013**