IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
AUG 6 2013
PER _____
DEPUTY CLERK

DION A. TEMPLE,
    Petitioner

v.

BRIAN COLEMAN, et al.,
    Respondents

NO. 3:12-CV-2615

(JUDGE NEALON)
(MAGISTRATE JUDGE BLEWITT)

## MEMORANDUM

This petition for writ of habeas corpus was transferred to this Court from the United States District Court for the Western District of Pennsylvania on December 28, 2012. (Doc. 8). Petitioner, Dion A. Temple, an inmate currently incarcerated at the State Correctional Institution in Somerset, Pennsylvania, has filed two prior petitions for writ of habeas corpus. See (Doc. 10, pp. 1-7) (containing a detailed procedural background). The current petition, like the prior petitions, attacks the Petitioner's underlying state court convictions claiming, among other things, that his sentence was illegal, that the Lackawanna Court of Common Pleas lacked subject matter jurisdiction, and that there were invalid arrest warrants, invalid affidavits of probable cause, and an invalid criminal complaint. (Doc. 4); see also (Civil No. 10-2553 & Civil No. 11-0404). On January 4, 2013, Magistrate Judge Thomas M. Blewitt issued a report and recommendation (R&R), recommending that Petitioner's claims based entirely on perceived errors in state law be dismissed with prejudice and the remaining claims be dismissed without prejudice, to the extent they raise cognizable claims, so that Petitioner can re-file his petition after he exhausts his state court remedies. (Doc. 10). Petitioner filed objections to the report and recommendation on March 20, 2013. (Doc. 19). The objections are now ripe for disposition and for the reasons that follow will be denied, and the petition will be dismissed in accordance with the R&R.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(c), the district court must make a de novo review of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

In his R&R, Magistrate Judge Blewitt initially sets forth the procedural history of this matter and a summation of the petition. (Doc. 10, pp. 1-4). Magistrate Judge Blewitt recommends that this Court dismiss the petition for Petitioner's failure to exhaust his state court remedies since he did not file an appeal to the Pennsylvania Superior Court regarding the November 15, 2011 Order of the Lackawanna County Court of Common Pleas denying Petitioner's PCRA petitions. (Doc. 10, pp. 10-12).

In his objections, Petitioner makes no specific objections to Magistrate Judge Blewitt's determinations but reiterates the claims of his petition. (Doc. 19, p. 3). Petitioner argues that his state trial court judge intentionally gave him an evidentiary hearing on his PCRA claims to retain jurisdiction over the matter and prevent this Court from deciding his previous petition. (Doc. 19, pp. 1-2). Further, Petitioner argues that this Court erred in dismissing his prior petition because

he raised a cognizable claim under the 14th Amendment. (Doc. 19, p. 3). Petitioner objects to the instant petition being dismissed because his underlying criminal complaints, affidavit of probable cause, and arrest warrants contain errors and were not approved by the Commonwealth and because he never received a copy of his criminal information. (Doc. 19, p. 3). Petitioner believes that he did not waive a preliminary hearing, that witnesses and his counsel perjured themselves, and other corruption and errors occurred in his underlying trial. (Doc. 19, p. 4).

Petitioner raises one ascertainable direct objection to the report and recommendation which is that "[t]here's no transcripts available exhaustion would be excused (sic)." (Doc. 19, p. 5) (emphasis in original), citing Mayberry v. Petsock, 821 F.2d 179 (3d Cir. 1987); Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973); Lines v. Larkins, 208 F.3d 153 (3d Cir. 2000). However, the cases cited are not applicable to the case sub judice. Preiser, 411 U.S. 475 (finding that prisoners could not proceed under § 1983 claims but only pursuant to a writ of habeas corpus); Lines, 208 F.3d 153 (dismissing petition with prejudice on appeal because all of petitioner's claims were procedurally defaulted); Mayberry, 821 F.2d 179 (explaining that failure to exhaust state court remedies will not bar federal habeas corpus review where state officials interfere with a petitioner's utilization of state remedies). Here, Petitioner has alleged no interference or reasons for his failure to appeal the November 15, 2011 denial of his PCRA petition by the Lackawanna County Court of Common Pleas. (Docs. 19). Even if Petitioner's allegation is that the PCRA court failed to provide a transcript of a particular hearing and that allegation is true, this would not prevent him from filing a notice of appeal.

A review of Petitioner's Criminal Docket in his Lackawanna County Court of Common Pleas cases, Docket No. CP-35-CR-2388-2006 and Docket No. CP-35-CR-2388-2006,

3

establishes that Petitioner has not appealed the November 15, 2011 denial of his PCRA petition to the Pennsylvania Superior Court. Accordingly, he has not exhausted his state court remedies and for the reasons highlighted in Magistrate Judge Blewitt's report and recommendation, the petition for writ of habeas corpus will be denied.

**Conclusion**

Petitioner's objections will be overruled and the report and recommendation will be adopted.

Date: August 6, 2013

**United States District Judge**